**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOCAL 531 INTERNATIONAL UNION | ) | |
| OF OPERATING ENGINEERS, | ) | |
| AFL-CIO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-cv-02590-JAR |
| | ) | |
| MASON'S LANDSCAPING & | ) | |
| CONSTRUCTION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**CASE MANAGEMENT ORDER**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,[1]

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

**I.    SCHEDULING PLAN**

1.    This case has been assigned to **Track 2 (Standard)**.

2.    All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **April 26, 2018.**

3.    Disclosure shall proceed in the following manner:

(a)    The parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(1) by **February 8, 2018.**

(b)    Plaintiffs shall disclose any expert witnesses and shall provide the reports

---

[1] By agreement of the parties, no Rule 16 conference was held.

required by Rule 26(a)(2), Fed. R. Civ. P., no later than **May 10, 2018**, and shall make expert

witnesses available for depositions, and have depositions completed, no later than **June 7, 2018.**

        (c)      Defendant shall disclose any expert witnesses and shall provide the reports

required by Rule 26(a)(2), Fed. R. Civ. P., no later than **June 21, 2018**, and shall make expert

witnesses available for depositions, and have depositions completed, no later than **July 26, 2018.**

        (d)      The presumptive limits of ten (10) depositions per side as set forth in Fed.

R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P.

33(a) shall apply.

        (e)      Requests for physical or mental examinations of parties pursuant to Rule

35, Fed. R. Civ. P., are not anticipated.

        (f)      The parties shall complete all discovery in this case no later than **August

23, 2018.**

        (g)      Motions to compel shall be pursued in a diligent and timely manner.

        4.      This case will not be referred to alternative dispute resolution at this time.

        5.      Any motions for summary judgment, motions for judgment on the pleadings,

motions to sever, or, if applicable, any motion to exclude testimony pursuant to <u>Daubert v. Merrell

Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) or <u>Kuhmo Tire Co. Ltd. v. Carmichael</u>, 526 U.S.

137 (1999), must be filed no later than **September 20, 2018.** Opposition briefs shall be filed no

later than **October 22, 2018** and any reply brief may be filed no later than **November 1, 2018**.

## II.    ORDER RELATING TO TRIAL

        This action is set for a <u>**NON-JURY**</u> trial on **<u>February 25, 2019, at 9:00 a.m</u>**.  This is a **<u>2</u>**

week docket, and the parties are expected to be ready and available for trial on the first day of the

docket and thereafter on twenty-four hours notice.

        **In this case, unless otherwise ordered by the Court, the attorneys shall, not less than**

**twenty (20) days prior to the date set for trial:**

       **1.**      **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

       **2.**      **Witnesses:**

       (a)      Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

       (b)      Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

       **3.**      **Exhibits:**

       (a)      Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.   The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

       (b)      Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

       (c)      Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.   Any objections not made in writing by the time of the final pretrial

conference may be considered waived.

      **4.**        **Depositions, Interrogatory Answers, and Request for Admissions:**

      (a)      Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.   Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b)      Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.   Any objections not made as above required may be considered waived.

      **5.**        **Findings of Fact, Conclusions of Law and Trial Brief:** Submit to the Court and to opposing counsel full, complete and specific findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems.

      **6.**        **Motions in Limine:**   Parties shall file all motions in limine to exclude evidence at least ten (10) days before the pretrial conference.

      **7.**        **Final Pretrial Conference:**   A final pretrial conference is set for **February 21, 2019 at 1:30pm** in the courtroom of the undersigned.

Dated this 21st day of February, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4